BENNETT, Circuit Judge.
 

 Appellant challenges the judgment of the United States Claims Court which granted Hughes Properties, Inc., an accrual basis taxpayer, a refund of $433,441.88 in federal income taxes plus assessed interest for the fiscal years ending on June 30 in 1973, 1974, 1975, and 1977.
 
 Hughes Properties, Inc. v. United States,
 
 5 Cl.Ct. 641 (1984). We affirm.
 

 The relevant facts in this case are stipulated. On cross-motions for summary judgment, the United States Claims Court
 
 *
 
 held that taxpayer had satisfied the “all events” tests required by Treas.Reg. § 1.461-l(a)(2) (1984). The court reasoned that as a result of section 5.110 of the Nevada Gaming Commission regulations on the use of progressive slot machines maintained by licensed casinos, taxpayer’s liability to pay the amounts shown on the jackpot indicators was unconditionally fixed as of the close of the taxable year, notwithstanding the fact that no payment would occur unless and until a customer playing the machine actually achieved the winning combination of symbols. In so holding, the court declined to follow the contrary conclusion of the Ninth Circuit in
 
 Nightingale v. United States,
 
 684 F.2d 611 (9th Cir.1982).
 

 Under the accrual method of accounting, an expense is deductible for a tax year in which all of the events have occurred that determine the fact of liability and the amount thereof can be determined with reasonable accuracy. Treas.Reg. § 1.446-1(c)(1)(ii) (1984).
 

 Here, liability of the taxpayer for the recorded amount of the guaranteed jackpot obligation was fixed and it satisfied the requirements for accrual of a deduction. Liability exists if there is an obligation to perform an act and the cost of performance can be measured in money. The commission regulation makes the guaranteed jackpot a fixed liability. This liability is not contingent upon the time of payment or the identity of the jackpot winner. The taxpayer’s method of accounting accurately reflects the casino’s income and expenses. If we were to require that the deduction of a jackpot liability be deferred until the year of actual payment, rather than the year in which the liability accrued, it would distort taxable income for the year of payment. Here, the accounting method used by taxpayer results in allocation of the expense to the year in which the revenues were earned.
 

 The Claims Court has carefully examined all of the arguments raised on the present appeal. We have reexamined those arguments, the briefs, statutes, regulations, and authorities, and conclude that the court was legally correct when it granted summary judgment to the taxpayer. We affirm on the basis of the United States Claims Court opinion.
 

 AFFIRMED.
 

 *
 

 Judge Robert M.M. Seto.